IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Victor Eugene Vick a/k/a ) | |
| Victor X. Vick, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:15cv346 (TSE/TCB) |
| ) | |
| Harold Clarke, ) | |
|     Respondent. ) | |

MEMORANDUM OPINION

Victor Eugene Vick a/k/a Victor X. Vick, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his Fourteenth Amendment Due Process rights were violated by his discretionary parole proceedings. On October 14, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, accompanied by supporting exhibits. Dkt. Nos. 22, 23. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response on November 9, 2015. Dkt. No. 29. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed for lack of jurisdiction. Petitioner's pending motions must be denied as moot.

I.

Petitioner, who is currently confined at Greensville Correctional Center, is serving various sentences totaling 140 years for several convictions of Sex Assault/Rape and Aggravated Sexual Battery. See Dkt. No. 10 [Am. Pet] at 1; Dkt. No. 23, Brown Aff. ¶ 4.

Petitioner initially filed the instant action on March 6, 2015,[1] alleging that he was denied due process under the Fourteenth Amendment of the Constitution by the process followed when the Virginia Parole Board ("VPB") denied his discretionary parole in 2014. See Dkt. Nos. 1, 10. Specifically, petitioner alleges: (1) that the VPB failed to furnish him a copy of the criteria for discretionary parole release; (2) the February 11, 2014 letter denying his discretionary parole release was not signed by a voting member of the VPB and was merely rubber stamped with the signature of the former Chairman without actual consideration of the merits of his case; (3) the merits of his appeal were never actually considered; and (4) he was never furnished with any evidence that his appeal was actually considered. See Dkt. No. 10. As this Court does not have jurisdiction to consider the claims raised in this petition under 28 U.S.C. § 2254, respondent's Motion to Dismiss must be granted.[2]

## II.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the United States Supreme Court held that an inmate must file a petition under 28 U.S.C. § 2254 any time his requested relief would result in either his immediate release from confinement or a shortening of the length of his sentence. See id. at 487. Under Preiser, "state prisoners [may] use only habeas corpus . . . when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Houston v. Lack, 487 U.S. 266 (1988). Petitioner stated that he placed his petition in the prison mail system on March 6, 2015. See Dkt. No. 1 at 20. The Court received his petition on March 18, 2015. Petitioner's original petition was not signed, and petitioner failed to comply with the Court's instructions to submit a petition bearing his signature, so his petition for a writ of habeas corpus was dismissed without prejudice on May 8, 2015. Dkt. No. 6. However, petitioner subsequently filed another copy of his petition bearing his signature, and his case was reopened on July 17, 2015. Dkt. Nos. 9, 10. Respondents were served on July 28, 2015. Dkt. No. 13.

[2] To the extent petitioner is challenging his continued custody in prison through a writ of habeas corpus, the Virginia Supreme Court has ruled that his claims fail as a matter of law. Dkt. No. 23, Ex. A (Rec. No. 141508 Feb. 10, 2015 Order).

speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original); however, when an inmate raises procedural challenges, and his success would not necessarily lead to a shortened length of confinement, his claims should be brought in an action pursuant to 42 U.S.C. § 1983, rather than a petition for a writ of habeas corpus. Id. (citing Wolff v. McDonnell, 418 U.S. 439 (1974)).

Here, petitioner does not challenge the result of his parole hearing – that is, the denial of parole. Rather, petitioner explicitly states that his challenge is that his entitlement to discretionary parole was not "openly and fairly" considered at the hearing. Dkt. No. 30 at 3-4. Specifically, petitioner contends that he has a "constitutionally protected right to be 'openly and fairly' considered by the Parole Board for Parole," and as relief, the VPB should immediately release petitioner from incarceration on discretionary parole. Id. at 5 (emphasis in original); Dkt. No. 10 at 23.

There is no legal support for the remedy petitioner seeks. Because "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1997), he is not entitled to release from confinement until the end of his 140-year sentence, or in 2133. Accordingly, even if petitioner did receive a favorable ruling from this Court, he would not be entitled to automatic release. Instead, were this Court to find that petitioner did not receive a fair parole proceeding, the only available remedy would be a new hearing before the present VPB, where petitioner could again be considered for discretionary parole. Because the VPB, in its discretion, may determine whether or not to grant such discretionary parole, such relief would not "necessarily spell speedier release" from custody. Wilkinson, 544 U.S. at 82.

Therefore, petitioner's claim is not cognizable pursuant to § 2254, and must be brought pursuant to 42 U.S.C. § 1983. See, e.g., Overman v. Beck, 186 F. App'x 337, 338 (4th Cir. 2006) (finding that an inmate challenging only the procedures used to deny him parole, rather than the actual decision, must file an action pursuant to § 1983).

Because petitioner's claims do not necessarily implicate the duration of his confinement, this Court does not have jurisdiction to consider the claims pursuant to 28 U.S.C. § 2254, and the petition must be dismissed. Petitioner's other pending motions accordingly will be denied, as moot.

### III.

For the foregoing reasons, respondent's Motion to Dismiss must be granted. An appropriate Judgment and Order shall issue.

Entered this 23rd day of Feb., 2016.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge